IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PRADEEP MISHRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:20-cv-991 (LMB/TCB) |
| ) | |
| GREGORY A. RICHARDSON, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Before the Court are the parties' motions for summary judgment, which have been fully briefed. Finding that oral argument will not advance the decisional process, the motions will be resolved on the materials within the record. For the reasons discussed below, defendants' Motion for Summary Judgment [Dkt. No. 21] will be granted, and plaintiff's Motion for Summary Judgment [Dkt. No. 19] will be denied.

I. BACKGROUND

Pradeep Mishra ("plaintiff" or "Mishra"), a business analyst at CFI CapitalOne Services, LLC ("Capital One"), a subsidiary of Capital One Financial Corporation, has filed a Form I-140 Petition for an Immigrant Worker ("EB-1A petition"), which is available only for aliens of "extraordinary ability," under 8 U.S.C. § 1153(b)(1)(A). Mishra is a citizen of India who resides in Ashburn, Virginia and seeks to remain in the United States permanently.

A. **Statutory Background**

An alien seeking to obtain a visa based on extraordinary ability bears the burden of demonstrating three criteria:

> (i) the alien has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation;

> (ii) the alien seeks to enter the United States to continue work in the area of extraordinary ability; and
> (iii) the alien's entry into the United States will substantially benefit prospectively the United States.

8 U.S.C. § 1153(b)(1)(A)(i)-(iii). Because the designation is so desirable, the definition of "extraordinary ability" is "strict." Visinscaia v. Beers, 4 F. Supp. 3d 126, 131 (D.D.C. 2013). An applicant for such designation can show his eligibility in one of two ways. First, he can show "evidence of a one-time achievement (that is, a major, international recognized award)." 8 C.F.R. § 204.5(h)(3). The Nobel Prize is the "quintessential" example of such an award. Kazarian v. USCIS, 596 F.3d 1115, 1119 (9th Cir. 2010). Second, the applicant can qualify by documenting at least three lesser achievements from an enumerated list. See 8 C.F.R. § 204.5(h)(3). Plaintiff's application provided materials relevant to three of these lesser achievements:

> iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specialization for which classification is sought; . . .
> viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation; . . .
> ix) "Evidence that the alien has commanded a high salary or other significantly high remuneration or services, in relation to others in the field."

8 C.F.R. § 204.5(h)(3)(iv), (viii), (ix). If the applicant makes such a showing, the United States Citizenship and Immigration Services ("USCIS") will then undertake a full merits analysis of the record to determine whether the totality of the evidence shows "both a 'level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the[ir] field of endeavor, and that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." Kazarian, 596 F.3d at 1119-20.[1]

---

[1] The Kazarian decision set forth this two-step analysis (in which the USCIS first determines whether the 8 C.F.R. § 204.5(h)(3) factors have been met and then considers the merits of the

2

## B. Procedural History

On April 10, 2020, Mishra filed his EB-1A petition. The USCIS issued a request for additional evidence on June 30, 2020, to which Mishra timely responded. On July 24, 2020, the USCIS denied Mishra's EB-1A petition on the grounds that he had not satisfied the minimum three regulatory criteria for establishing extraordinary ability. Although the USCIS found that Mishra had been a judge of others' work and performed a leadership role in an organization of distinguished reputation, it also found that Mishra had not shown that he commanded a high salary in relation to others in the field. Mishra sought review of that decision under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), by filing a complaint in this court on August 25, 2020. On October 1, 2020, the USCIS <u>sua sponte</u> withdrew its original decision and issued a Notice of Intent to Deny Mishra's petition, allowing Mishra to submit additional evidence, which he did.

The USCIS issued a new decision on November 19, 2020 in which it found that although Mishra met three lesser achievements by serving as a judge of the Stevie awards in 2018 and 2019, holding a leading or critical role at Capital One, and commanding a high salary relative to others, he had not met his burden of showing "sustained national or international acclaim" and that he was one of the small percentage who had risen to the very top of his field of endeavor. [Dkt. No. 18-1] at 9. The decision reviewed the letters submitted by Mishra's "personal and professional acquaintances," internal awards received from Capital One, Mishra's salary, letters and releases regarding judging the Stevie Awards for the 2018 and 2019 International Business

---

record as a whole), which the USCIS has adopted for all its "extraordinary ability" visa determinations. <u>See</u> 8 C.F.R. § 204.5(h)(3); USCIS Policy Memorandum 602-0005 at 3 (December 22, 2010), <u>available at</u> https://www.uscis.gov/sites/default/files/document/memos/i-140-evidence-pm-6002-005-1.pdf.

Awards programs, and expert opinion letters from Arthur C. McAdams and Stephen J. Linenberger.

On December 17, 2020, plaintiff filed the pending Amended Complaint, [Dkt. No. 14], seeking review of USCIS's November 19, 2020 final decision denying his petition. That decision is the subject of the parties' motions for summary judgment.

## II. DISCUSSION

### A. **Standard of Review**

Under the APA, 701 U.S.C. § 701, et seq., a court may only set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An action is arbitrary and capricious if the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). "Review under this standard is highly deferential," and there is a "presumption in favor of finding the agency action valid." Ohio Valley Envtl. Coal v. Aracoma Coal Co., 556 F.3d 177, 192 (4th Cir. 2009). Accordingly, the "ultimate standard of review" for an APA case is "narrow," and the court is "not empowered to substitute its judgment for that of the agency." Id. If the agency "has examined the relevant data and provided an explanation of its decision that includes a 'rational connection between the facts found and the choice made,'" then "deference is due" to the agency's decision. Id.

"The focal point for judicial review [under the APA] should be the administrative record already in existence." SourceAmerica v. United States Dep't of Educ., 368 F. Supp. 3d 974, 986 (E.D. Va. 2019) (alterations in original) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)),

4

vacated in part on other grounds by 826 F. App'x 272 (2020). Under Fed. R. Civ. P. 56(a), summary judgment is appropriate where the movant shows that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

### B. Analysis

The defendants argue that because the USCIS examined the evidence and provided a "rational connection between the facts in the record and its decision," the decision is entitled to deference under the APA. Ohio Valley, 556 F.3d at 192. The defendants' position is correct, as the USCIS's decision clearly articulated "a rational connection between the facts found and the choice made" and is therefore entitled to deference.

Plaintiff complains at length about the USCIS's analysis of whether he met three of the factors enumerated in 8 C.F.R. § 204.5(h)(3). [Dkt. No. 19-1] at 12–17. Because in its November 19, 2020 final decision the USCIS found that plaintiff met these three criteria, his complaints about the USCIS's analysis of the three factors are irrelevant. Soni v. United States, No. 11-2431, 2016 WL 4154137, at *4 (D.N.J. Aug. 2, 2016) (finding irrelevant the petitioner's claim that the USCIS erred in failing to credit certain evidence supporting a criterion that the USCIS acknowledged the petitioner had met).[2] To the extent plaintiff intended arguments about plaintiff's qualifications to apply as well to the full merits analysis, they are addressed below.

---

[2] Plaintiff's arguments based on the withdrawn July 24, 2020 decision are moot because this Court's review is limited to the USCIS's "final" agency action. See Invention Submission Corp. v. Rogan, 357 F.3d 452, 459 (4th Cir. 2004) (quoting 5 U.S.C. § 704); Pfizer Inc. v. Lee, 119 F. Supp. 3d 385, 392–93 (E.D.Va. 2014). Plaintiff admits that the July 24's evaluation of whether Mishra commanded a high salary is moot as to whether he met that factor in the first stage of analysis, but argues that it is not moot as to USCIS's analysis of whether his high salary was indicative of international acclaim in the November 19 decision. Although the July 24, 2020 decision and prior Requests for Evidence and Notices of Intent to Deny are part of the administrative record, the Court's review is limited to the final agency action, here the November 19, 2020 decision.

Plaintiff submitted multiple letters from colleagues and former colleagues at Capital One. Although he highlights that some of the letters are from people working at rival banks, the defendants correctly observe that these letters are from former colleagues who knew plaintiff from working together at Capital One. The USCIS Adjudicator Field Manual ("AFM") explains that "many" extraordinary ability petitions contain "letters of endorsement," which are "not without weight," but should not "form the cornerstone of a successful claim" for the classification, and "should be corroborated by documentary evidence in the record." AFM at 48, available at https://www.uscis.gov/sites/default/files/document/policy-manual-afm/afm22-external.pdf. "The relationship or affiliation between the beneficiary and the witness is also a factor to consider when evaluating the significance of the witnesses' statements." AFM at 49. Indeed, "[i]t is generally expected that an individual whose accomplishments have garnered sustained national or international acclaim would have received recognition for his or her accomplishments well beyond the circle of his personal and professional acquaintances." AFM at 49. Plaintiff's arguments fall exactly into what the AFM cautions against: plaintiff submitted letters only from people within his circle of professional acquaintances, and none of the letters point to evidence of "extensive documentation" of plaintiff's accomplishments to support his assertion that he has enjoyed sustained national or international acclaim. 8 U.S.C. § 1153(b)(1)(A)(i). Contrary to plaintiff's argument that the USCIS "abdicated its administrative duty" by only cursorily considering the letters, the USCIS decision devotes a full page to summarizing the letters, [Dkt. No. 18-1] at 6–7, and correctly "considered" them but did not let them "form the cornerstone of a successful claim." AFM at 48.

Plaintiff also submitted evidence of several internal awards he received from Capital One, which were also mentioned in the letters of support. Contrary to plaintiff's argument that

the USCIS described the awards in its decision but did not discuss or evaluate them, after spending a paragraph detailing the awards, the USCIS found:

> In this case, the evidence confirms that the beneficiary held important leading or critical roles for Capital One, received high remuneration from Capitol One, <u>and was recognized by Capital One</u>. Although the beneficiary made contributions to his employer, it falls short of showing his importance to his employer translates to sustained national or international acclaim.

[Dkt. No. 18-1] at 7 (emphasis added). Accordingly, the USCIS clearly did consider the awards plaintiff received from Capital One, and reasonably found that internal awards from Capital One in the form of "ONEDERFUL" certificates awarding plaintiff points ranging from 50–1000 did not show that "his importance to his employer translates to sustained national or international acclaim." [Dkt. No. 18-1] at 7.

Plaintiff argues that because Capital One is such an internationally recognized and famous company, plaintiff has necessarily risen to the top of his field and sustained international acclaim by holding a leadership position at Capital One. This argument contradicts the caselaw. The "regulations regarding" the extraordinary ability preference classification are "extremely restrictive." <u>Lee v. Ziglar</u>, 237 F. Supp. 2d 914, 918 (N.D. Ill. 2002). For example, in <u>Noroozi v. Napolitano</u>, a court found that the USCIS did not abuse its discretion in finding that the totality of the evidence did not support a table tennis player's extraordinary ability application despite his worldwide ranking in the seventeenth percentile, explaining that even though the plaintiff was highly ranked, granting his visa would require granting similar visas to individuals ranked similarly and higher across the world of sport. 905 F. Supp. 2d 535 (S.D.N.Y. 2012). Similarly, in this case, granting plaintiff's petition would require the USCIS to grant extraordinary ability visas to all aliens at a similar or higher level than plaintiff at all companies at a similar or higher level than Capital One. This would clearly conflict with Congress's intent to "set a very high

standard for individuals seeking immigrant visas in the extraordinary ability classifications." Id. at 546 (citing 56 Fed. Reg. 60897, 69898–99 (Nov. 29, 1991)).

Plaintiff maintains that the USCIS's decision demonstrated an "egregious disregard for the evidence" when it "complete[ly] dismiss[ed] . . . two expert reports submitted by [plaintiff] in response to the October 1, 2020 [Notice of Intent to Deny]." [Dkt. No. 19-1] at 20. Those reports were from Arthur C. McAdams, Chair of Graduate Programs and Senior Lecturer in the Ernest C. Trefz School of Business at the University of Bridgeport, Connecticut, and Stephen J. Linenberger, a professor at the College of Business at Bellevue University. In evaluating these two letters, the USCIS observed that both "use[d] nearly identical language at times when describing the beneficiary, which suggests their language in [sic] not their own." [Dkt. No. 18-1] at 8. The USCIS went on to explain that it has discretion to consider expert advisory opinions, but:

> [t]he submission of letters from experts supporting the petition is not presumptive evidence of eligibility; USCIS may evaluate the content of those letters as to whether they support the individual's eligibility. USCIS may give less weight to an opinion that is not corroborated, or in accord with other information. Furthermore, merely repeating the language of the statute or regulations does not satisfy the petitioner's burden of proof. [citations omitted].

Id. at 8–9. The USCIS's evaluation of the expert letters was clearly rational and within its discretion to decide how much weight to give the letters based on their simply mirroring the evidence in the record, using overlapping language, and their reliance on statutory and regulatory language. The caselaw cited by plaintiff does not disturb this conclusion because the facts in those cases were completely different from those in this case. For example, in Barchart.com v. Koumans, No. 19-556, 2020 WL 820878 (D.D.C. Feb. 19, 2020) and Fred 26 Importers, Inc. v. DHS, 445 F. Supp. 2d 1174 (C.D. Cal. 2006), the agency's decision was reversed because it had completely failed to acknowledge the expert opinions at issue. In Care v. Nielsen, the agency's

decision was reversed because it had failed to give any reasoning for why it discounted a portion of the expert's opinion, and its explanation regarding another portion of her opinion was flatly contradicted by the record. 461 F. Supp. 3d 1289, 1312–13 (N.D. Ga. 2020).

Plaintiff disagrees with the USCIS's analysis of his participation as a judge for the Stevie Awards, which are business awards competitions. Plaintiff submitted certificates of appreciation for serving as a judge; a letter from Michael Gallagher, Executive Chairman of the Stevie Awards, describing the criteria for choosing judges and the basis for Mishra's selection; a listing of the members of the judging committees and their short biographies (including of Mishra); two news articles about the Stevie awards; a list of the award winners; press releases from two prominent winners (Dow Jones and Thomas Reuters) about their receipt of the award to demonstrate the prominence of the awards and the significance of his selection as a judge; and a letter from Anne White, Judging Coordinator of the Stevie Awards, describing plaintiff's selection as a judge by application in 2018 and by invitation in 2019. The USCIS described this evidence, and then stated that:

> the record does not establish that the beneficiary's service as a member of the 2018 and 2019 International Business Awards programs' Company/ Organization [sic] judging committees reflects that he garnered national or international acclaim in the field. Although the organization finds him to be a highly suitable judge, and expresses appreciation for him, two Stevie Awards press release [sic] do not show that the beneficiary's achievements were recognized in the field through extensive documentation.

[Dkt. No. 18-1] at 8. This is an entirely rational analysis based on the record, as the two press releases from winners and two articles about the Stevie Awards do not mention plaintiff or otherwise reflect on his acclaim, and the listing of the biographies of all of the judges—of which plaintiff is simply one among many—does not clearly demonstrate plaintiff's national or international acclaim.

9

Similarly, in Bodhankar v. United States Citizenship & Immigr. Servs., the district court upheld the USCIS's final merits determination that the totality of the evidence did not establish that plaintiff "had risen to the very top of his field and had sustained national or international acclaim." No. 119-cv-706-MAD/CFH, 2020 WL 777211 (N.D.N.Y. Feb. 18, 2020) at *1. In Bodhankar, a highly accomplished engineer and project manager who applied for an extraordinary ability visa "essentially argued that because he demonstrated that he met at least three of the ten criteria, . . . he must be deemed an alien with extraordinary ability." Id. at *5. The court found that this argument was not sufficient to meet "the highly restrictive definition of extraordinary ability," id., and that "[l]etters provided in support of an alien's petition, while helpful in making a final merits determination, are not to the be sole ground upon which a visa is granted. Evidence of the alien's renown generated before the alien's application is often more probative of national or international acclaim." Id. at *5 n.4. Although "[l]etters written on Plaintiff's behalf describe[d] Plaintiff's contributions to the field as original and unique, . . . they fail[ed] to establish that [plaintiff's contributions] resulted in significant acclaim." Id. The court went on to find that while plaintiff's abilities had "led to the growth of his employer's business and had been recognized within the organization," the record did not "indicate that his work to develop the organization ha[d] resulted in national or international acclaim." Id. Similarly, here, the record shows that plaintiff is a talented and well-respected business analyst within his circle, but the record does not show that plaintiff has received the national or international acclaim for his work that is required in order for such a unique visa to be awarded. Accordingly, plaintiff does not meet the "strict" definition of "extraordinary ability," Visinscaia, 4 F. Supp. 3d at 131, and has not made the required showing that the USCIS's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

10

## III. CONCLUSION

For the reasons stated above, defendants' Motion for Summary Judgment will be GRANTED, plaintiff's Motion for Summary Judgment will be DENIED, and judgment will be entered in defendants' favor by an Order to be issued with this Memorandum Opinion.

Entered this 20 day of April, 2021.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge